948 F.2d 1289
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James KIMBLE, Petitioner-Appellant,
v.
Norris McMACKIN, Respondent-Appellee.
 No. 91-3546.
 United States Court of Appeals, Sixth Circuit.
 Nov. 18, 1991.
 
 Before BOYCE F. MARTIN, Jr. and SUHRHEINRICH, Circuit Judges, and JOHN W. PECK, Senior Circuit Judge.
 
 ORDER
 
 1
 James Kimble, an Ohio prisoner, appeals the district court's order dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P.34(a).
 
 
 2
 A jury convicted Kimble in March 1977 of aggravated murder. He was sentenced to life imprisonment. Kimble's direct appeal, presenting seven assignments of error, was denied on April 26, 1979. The Ohio Supreme Court overruled Kimble's motion to appeal that decision. The appeal of Kimble's petition for post-conviction relief, which raises issues not presented in this petition, is pending.
 
 
 3
 In his present petition, Kimble raised six grounds for relief: (1) the prosecution failed to disclose evidence favorable to the petitioner, (2) there was insufficient evidence to support the verdict, (3) the trial court erred in not reducing the charge to negligent homicide, (4) the trial court erred by allowing a witness to be called as a court's witness, (5) the trial court erred in refusing to grant the petitioner's motion for a new trial, and (6) there was insufficient identification of the petitioner at the trial.
 
 
 4
 A magistrate issued a report on April 10, 1990, in which he recommended that Kimble's petition be dismissed. After determining that Kimble had exhausted his state court remedies with regard to the grounds raised, the magistrate considered the claims on the merits and concluded that they did not warrant habeas relief. The district court conducted a de novo review and, over Kimble's objections, found Kimble's grounds for relief to be meritless. The district court adopted the magistrate's report and recommendation and dismissed the petition. Kimble's motion for a new trial was denied on May 13, 1991.
 
 
 5
 On appeal, Kimble argues that he was denied due process and a fair trial because: (1) the prosecution failed to disclose evidence favorable to him, (2) there was no evidence of prior calculation or design to support an aggravated murder conviction, and (3) the trial court committed prejudicial error by calling one of the witnesses as a court's witness. Kimble has filed a motion to continue the appointment of attorney Paul Mancino, Jr., on appeal.
 
 
 6
 Upon review, we affirm the district court's order because Kimble has not shown that his trial was fundamentally unfair. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Kimble's identification issue, initially waived before the district court by his failure to raise specific objections regarding it, is also abandoned on appeal. Thus, this issue is not reviewable. See McMurphy v. City of Flushing, 802 F.2d 191, 198-99 (6th Cir.1986).
 
 
 8
 Kimble's first ground for relief is without merit because the evidence complained of was disclosed to the defense upon defense counsel's motion shortly after the start of the trial and there is no showing that the failure to disclose any earlier undermined confidence in the outcome of the trial. See United States v. Bagley, 473 U.S. 667, 678 (1985).
 
 
 9
 On appeal, Kimble has reduced his three grounds relating to sufficiency of the evidence to the single ground of insufficient evidence of prior calculation and design to support a conviction for aggravated murder. This ground does not merit habeas relief because a rational trier of fact could have found that the evidence presented at trial established the element of prior calculation and design. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 10
 Kimble's final ground for relief is baseless. He argues that he was denied a fair trial because Richard Thomas was called as a court's witness. The admission of Thomas's testimony is a matter of state law which does not rise to a level of constitutional magnitude unless it can be viewed as so egregious that Kimble was denied a fundamentally fair trial. See Cooper v. Sowders, 837 F.2d 284, 286 (6th Cir.1988). The decision to let Thomas testify as a court's witness does not rise to that level. Thomas was a material witness who was thoroughly cross-examined and impeached by the defense as well as the prosecution. Moreover, he was never identified as a court's witness so as not to give his testimony added weight in the minds of the jury. The admission of this testimony clearly did not deprive Kimble of a fundamentally fair trial.
 
 
 11
 Finally, although counsel's appellate brief satisfies the bare minimal requirements for a legal brief, this panel notes that counsel continues to rely primarily on state rather than federal law, that counsel raises frivolous arguments, that counsel improperly asks this court to make credibility determinations, and that counsel identifies no error by the district court. The court shall therefore deny the motion for the appointment of counsel under the Criminal Justice Act.
 
 
 12
 Accordingly, we deny the motion to continue the appointment of counsel. The district court's order, filed August 31, 1990, is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.